Eddie W. JACKSON, Appellant,

v.

The METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Tennessee, et al., Appellees.

Supreme Court of Tennessee.

July 10, 1972.

Ed R. Davies, Nashville, for appellant.

Larry H. Snedeker, Nashville, for appellees.

## OPINION

CRESON, Justice.

Appellant, Eddie W. Jackson, instituted suit in the Chancery Court of Davidson County, Part I, against the Metropolitan Government of Nashville and Davidson County, Tennessee, and others, to recover for breach of an alleged bailment contract. The Chancellor determined that the contract of bailment alleged did not exist and dismissed appellant's suit. From the adverse decree of the trial court Jackson has perfected an appeal to this Court since the cause was tried on stipulation of facts below.

In the course of this opinion the parties will be referred to as follows: Eddie W. Jackson, as complainant; The Metropolitan Government of Nashville and Davidson County, Tennessee, as defendant Metro; Riley W. Elliott, as defendant Elliott; James Ervin, as defendant Ervin; and Earl Forte, as defendant Forte. Defendant Elliott is an employee of defendant Metro and principal of Central High School in Nashville, Tennessee. Defendants Ervin and Forte are also employees of defendant Metro and are faculty members of Central High School.

In his original bill complainant avers that defendant Metro is the owner of certain real estate in Davidson County com-

prising the campus of Central High School; that the faculty members of Central High School "conducted an automobile parking operation for profit on the grounds of Central High School" with the knowledge, acquiescence and participation of defendant Metro; that defendants Elliott, Ervin, and Forte "were in direct charge of the parking concession"; that on September 18, 1970, complainant paid a fee and parked his automobile on the campus of Central High School; that when complainant returned to the parking area at 10:30 P.M. on the evening of September 18, 1970, his automobile was missing; that a contract of bailment existed between complainant and defendants; and that defendants failed to deliver the bailed property to complainant and "permitted a misdelivery of the bailed property to occur."

Defendants in their answer deny that a contract of bailment existed between themselves and complainant. It is alleged that motorists entering the campus of Central High School "paid a charge for the license or privilege to leave their automobiles there."

The salient facts may be summarized as follows:

On September 18, 1970, complainant and his wife drove to Nashville from their home in Murfreesboro, Tennessee, in order to attend the Tennessee State Fair. Complainant is described as an "automobile enthusiast" and the safety of his car was of great importance to him. Complainant knew from prior experience that the faculty and students of Central High School operated a parking lot for the convenience of visitors to the Tennessee State Fair.

At approximately 8:00 P.M., complainant entered the campus of Central High School by way of a "paved circular driveway". One end of the driveway was barricaded in order to prevent motorists from entering the school grounds and parking without paying the one dollar parking fee. Complainant paid an attendant the one dollar parking fee and was directed into a parking spot by a student. Thereafter, complainant locked his ignition, closed all windows, locked all doors of the automobile, and took his ignition key with him. The area in which complainant's vehicle was parked was well lighted.

At approximately 10:30 P.M. on September 18, 1970, complainant and his wife returned to the campus. When they arrived at the school, they discovered that the parking area was unattended. After proceeding to the spot where he had parked his vehicle, complainant discovered that his automobile was missing. Thereafter, complainant and his wife returned to the fair entrance and reported the theft to the police.

The police discovered the automobile several days later on Elm Hill Pike in Davidson County. The radio, heater, instruments, seats, transmission, upholstery, front bumper, grill work, fenders, hood, engine, and all wiring had been removed from the vehicle. Complainant's vehicle could not be started without an ignition key "unless the hood is raised and a jumper cable is inserted in the electrical system, by-passing the ignition lock system."

There were no signs on the parking lot relating to the terms and conditions of parking, liability or limitations of liability, closing hours or hours during which the lot would be open but unsupervised.

As was stated above the trial court determined that a bailment relationship did not exist between the parties and that defendants merely granted complainant a license to park his vehicle on the school grounds. Complainant's suit was dismissed.

From the adverse decree of the trial court complainant has seasonably perfected an appeal to this Court. The sole issue presented in the case at bar is whether the relationship between complainant and defendants constituted a bailment.

This Court had defined a bailment as a delivery of personalty for a particular pur-

pose or on mere deposit, on a contract express or implied; that after the purpose has been fulfilled, it shall be redelivered to the person who delivered it, or otherwise dealt with according to his direction or kept until he reclaims it. Breeden v. Elliott Bros. (1938) 173 Tenn. 382, 118 S.W.2d 219; Dispeker v. New Southern Hotel Company (1963) 213 Tenn. 378, 373 S.W.2d 904; Scruggs v. Dennis (1969) 222 Tenn. 714, 440 S.W.2d 20.

 In the instant case we are of the opinion that the bailment for hire contract was impliedly created when complainant left his automobile in the custody and control of defendants and this relinquishment of possession was accepted by defendants. By their conduct defendants impliedly promised to use ordinary and reasonable care to preserve the property during the term of the bailment and to return the bailed property to complainant on demand or to his order. As we view the instant case, to embrace the theory of defendants would be tantamount to nothing more or less than condonation of the reduction of a storage operation for hire to a subterfuge. Scruggs v. Dennis, supra.

In this state the rule is well established that "in an action *ex contractu,* where the bailor relies on ordinary contract of bailment without predicating his right of recovery upon the bailee's negligence, the bailor makes out prima facie case of breach of contract when he shows delivery of the article to the bailee and the bailee's failure to return it in good condition on demand or as agreed on; and the bailee may escape liability only by affirmatively showing that his failure to redeliver was without his fault." In the case at bar there is no stipulation of fact showing that defendants exercised any degree of care in preserving and protecting complainant's automobile during the term of the bailment. Furthermore, we do not believe that any such showing is possible in view of the stipulation that it was necessary to raise the hood of the vehicle and insert a jumper cable into the electrical system in order to start the automobile and remove it from the lot.

From what has been said above, it results that the decree of the trial court is reversed and the cause remanded to Chancery Court of Davidson County for assessment of damages. Costs of this appeal are taxed to defendants.

DYER, C. J., CHATTIN, and McCANLESS, JJ., and JENKINS, Special Judge, concur.